UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT K. DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00185-WTL-MJD |
| | ) | |
| UNITED STATES FEDERAL BUREAU OF PRISONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion to Porceed *In Forma Pauperis*, Dismissing the Complaint, and Directing the Plaintiff to File an Amended Complaint**

**I. *In Forma Pauperis***

The plaintiff has paid the $400.00 filing in this action. As such, his motion to proceed *in forma pauperis*, Dkt. No. 11, is denied as moot. The complaint is now ready for screening.

**II. Screening Standard**

The plaintiff is a prisoner currently incarcerated at United States Penitentiary-Terre Haute (USP-TH). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

The complaint alleges that the plaintiff has hepatitis C and that the Bureau of Prisons medical staff does not properly or adequately treat this condition in any infected inmate, in violation of the Constitution. Specifically, the plaintiff claims that he has been incarcerated since 2016 and has not received any medical treatment for his hepatitis C. He alleges he has been told it will be years before he is provided any treatment.

The plaintiff names the "Federal Bureau of Prisons, Medical Care, Chronic Care Clinic" as the defendant. He seeks injunctive relief in the form of treatment for himself and all other inmates with hepatitis C. He also seeks class certification. His claim is brought pursuant to the theory set forth in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Dkt. No. 1, p. 4.

### IV. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the plaintiff's claim must be dismissed because he fails to name an individual responsible for the alleged misconduct. In *Bivens* claims, the complaint must allege direct and personal responsibility for the unlawful conduct and *respondeat superior* cannot be the basis of a *Bivens* claim. There must be individual participation and involvement by an individual. *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994).

As such, the *Bivens* claim that the defendant "Federal Bureau of Prisons, Medical Care, Chronic Care Clinic" failed to treat his serious medical condition is **dismissed for failure to state a claim upon which relief can be granted**.

Next, the plaintiff seeks class certification to proceed on behalf of all inmates at USP-TH with hepatitis C.

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Because the plaintiff is proceeding *pro se* he cannot adequately represent a class action. Therefore, his request for class certification is **denie**d.

## V. Dismissal of Complaint

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is dismissed.

## VI. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through July 25, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far

as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 1:18-cv-185-WTL-MJD and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

### VII. Summary

The plaintiff's motion to proceed in forma pauperis, Dkt. No. 11, is **denied** as moot.

The complaint is **dismissed** for the reasons set forth above and the plaintiff shall have **through July 25, 2018**, to file an amended complaint.

**IT IS SO ORDERED**.

Date: 6/22/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808