UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT K. DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00185-WTL-MJD |
| | ) | |
| DAVID LUKENS, | ) | |
| WILLIAM E. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Motion for Summary Judgment**

Plaintiff Robert K. Decker ("Mr. Decker"), a federal prisoner incarcerated at the Chicago Metropolitan Correctional Center, alleges that, while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana, the defendants failed to treat his hepatitis C in violation of his Eighth Amendment rights.

Presently pending before the Court is the Motion for Summary Judgment filed by the defendants on November 16, 2018. Dkt. 28. The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

Mr. Decker filed a response to the defendants' motion for summary judgment arguing that the administrative remedy process was unavailable to him because he was refused stamps and the forms necessary to complete his appeal.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.*

56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The "exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Exhaustion "is an affirmative defense that a defendant has the burden of proving." *Id.*

## II. Material Facts

At all times relevant to his claims, Mr. Decker was incarcerated at Terre Haute Federal Correctional Facility ("Terre Haute"). The Federal Bureau of Prisons maintains an administrative remedy policy that is explained to inmates each time they arrive at a new federal prison. Inmates also have access to the administrative remedy policy in the institutions' law libraries. All administrative remedy requests submitted by inmates are logged and tracked in the SENTRY computer database, a Bureau of Prisons electronic record keeping system.

To exhaust the administrative remedy process, inmates must complete four steps. First, he must complete an informal resolution form, referred to as a BP-8. Administrative remedy requests submitted at the institution level, referred to as BP-9s and identified in the SENTRY database by the notation "F1" following the remedy identification number, are the second step in the process. Regional Office submissions, referred to as BP-10s and identified by the notation "R1" following the remedy identification number, are the third step. Finally, Central Office submissions, referred to as BP-11s and identified by the notation "A1" following the remedy identification number, are the final step in the process.

Pursuant to Program Statement 1130.18 and 28 C.F.R. § 542.15, an inmate has 20 days from the date of a denial of a BP-9 to appeal that decision through a BP-10 and 30 days from the denial of a BP-10 to appeal that decision through a BP-11. Dkt. 28-1. These time periods run from the date the Warden signs the response rather than the date the response is received by the inmate. If the relevant appeal is not submitted within those respective deadlines, the file is closed and no further

proceedings will be permitted regarding it absent a showing of valid reason for the delay.

On March 1, 2018, Mr. Decker submitted a BP-9 form regarding the lack of treatment for his hepatitis C. The grievance was assigned Remedy Number 932439-F1. An explanation was provided to Mr. Decker in response and the grievance was closed on March 8, 2018. The defendants have no record of receiving either a BP-10 or BP-11 form associated with this remedy number. Dkt. 28-1.

Because BOP policy provides that an inmate has 20 days from the date of denial of a BP-9 to appeal, Mr. Decker had through March 28, 2018, in which to file a BP-10.

Mr. Decker does not dispute that he failed to timely submit a BP-10 form. In his amended complaint he explained that he received the response to his BP-9 on March 17, 2018. On that same date he requested a BP-10 form from his counselor, Mr. Wasson, who told Mr. Decker that he did not have any BP-10 forms.

On April 6, 2018, Mr. Decker received a BP-10 form from Mr. Williams, but he was not able to submit it for two reasons. First, he had been denied stamps by Mr. Royer. Second, because the BP-10 was now late, he required an additional form to excuse the late filing. He requested that form from his new unit manager, Mr. Dodge, who denied the request. On April 17, 2018, Mr. Decker was able to purchase stamps from the commissary after receiving funds from a family member. He did not complete the remedy process because he did not have the required form for filing a late BP-10. Dkt. 15.

Although the amended complaint was not sworn, Mr. Decker submitted an affidavit on December 11, 2018, in which he swore under penalty of perjury that the amended complaint's description of his attempts to exhaust his administrative remedies was true. Dkt. 32.

The defendants submitted new evidence with their reply to support their argument that Mr. Decker had money in his trust account to purchase stamps and therefore did not need to rely

on Mr. Royer to provide stamps. They also stated that Mr. Decker could have requested stamps from numerous prison officials who visited his unit during the time he had to appeal the response to his BP-9 form. Dkt. 35.

Mr. Decker then filed an additional sworn statement attesting that: 1) he was unaware he had received money from his family because inmates housed in the Special Housing Unit (SHU) are not notified when money is received, 2) he was unable to purchase anything from commissary until April 11, 2018, well after his time to appeal the BP-8 response has expired, 3) he is only allowed to receive stamps from his unit manager and his unit manager refused to supply him with stamps, and 4) his requests for a form excusing his late filing were denied. Dkt. 42.

### III. Discussion

The defendants argue that Mr. Decker failed to complete the administrative remedy process. They further argue that the process was available to Mr. Decker because he filed BP forms in other grievance proceedings between the time the warden responded to his BP-9 and the time Mr. Decker had to appeal that response. But the one filing between Mr. Decker's receipt of the response on March 17, 2018, and the expiration of his time to appeal on March 28, 2019, was a BP-9 filed on March 28, 2019. Dkt. 28-6, p. 10. But BP-9 forms are filed at the facility and do not require stamps. There is no evidence Mr. Decker filed a BP-10 during the time to appeal.

Mr. Deckers' sworn affidavits contradict the defendants' allegations that the administrative remedy process was available to him. "Exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). It is disputed whether Mr. Decker had access to a BP-10 form during the window to appeal and, once he obtained

the form, whether he ever received the form necessary to show good cause for filing the BP-10 late.

In sum, there remain disputes of material fact concerning 1) when Mr. Decker received the BP-9 response, 2) whether he had access to a BP-10 form before his time to appeal expired, 3) whether he had access to a form excusing a late appeal, and 4) whether he had access to stamps, either through commissary or upon request from prison officials. Some if not all of the factual disputes must be resolved at a *Pavey* hearing.

### IV. Conclusion

Construing the facts in the light most favorable to Mr. Decker as the non-movant, the defendants have not demonstrated that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment, dkt. 28, is **denied**.

The defendants shall have **through April 16, 2019,** in in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual disputes detailed above.

**IT IS SO ORDERED.**

Date: 3/26/2019

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov